IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARLAND W. KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1427 |
| | ) | JUDGE STANDISH |
| JOHN YOST, WARDEN, | ) | MAGISTRATE JUDGE BISSOON |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons it is respectfully recommended that the instant petition under 28 U.S.C. §2241 be dismissed for lack of jurisdiction.

### II. REPORT

Petitioner, Garland W. King, is a federal prisoner who was sentenced to 84 months imprisonment for robbery and possession of a firearm during a robbery on August 24, 2008, in the United States District Court for the Western District of Maryland. King is incarcerated within this District, and seeks relief from his conviction and sentence.

**A. Applicable law.**

A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose

of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). A habeas corpus petition pursuant to § 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Id. quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000).

**B. Analysis.**

Because King challenges the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not an appropriate remedial vehicle. King was convicted and sentenced by the United States District Court for the Western District of Maryland. Thus, the issues raised in the instant petition are not within the jurisdiction of this Court. See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Miller v. United States, 564

F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court). This petition represents a collateral attack upon the legality of the sentence imposed by the sentencing judge. Such an attack is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court.

Petitioner, however, argues that he is not, in fact, challenging his conviction or sentence, and that, in any event, the remedy available under a § 2255 petition would be "inadequate" and "ineffective" in this case (Petition at ¶9). As to his first contention, King clearly is challenging the validity of his conviction and sentence. Specifically, he alleges that he was not given proper notice of his indictment, and he seeks, as relief, release from custody. Hence, despite his protestations to the contrary, King's challenge should be considered by the sentencing court in a § 2255 petition.

As to King's second point, he fails to provide any explanation as to why a § 2255 petition is either "unavailable" or "inadequate" in this case. The "savings clause" of § 2255 provides that:

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255. This provision, however, does not apply in this case. As the Court of Appeals has explained:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing

-3-

> and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.* The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle v. United States of America, 290 F.3d 536, 538-39 (3d Cir. 2002) (emphasis added). Here, King does not indicate whether he filed a § 2255 motion in the sentencing court and was denied relief, or if he simply has never attempted to file such a motion, making any attempt at this late date time-barred. In either event, Cradle makes clear that the savings clause of § 2255 simply is not applicable, and King is not entitled to raise a sentencing claim in this court.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). Hence, no recommendation is being made with respect to a certificate of appealability.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by October 31, 2008.

October 14, 2008                              s/Cathy Bissoon
                                              Cathy Bissoon
                                              United States Magistrate Judge

cc:
GARLAND W. KING
41517-037
FCI Loretto
PO Box 1000
Loretto, PA 15940